IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHANNON HAMILTON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv282 |
| ANDERSON COUNTY SHERIFF, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Shannon Hamilton, a former inmate of the Anderson County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Anderson County Sheriff, an officer named Cowen, and an unidentified nurse.

**I. Background**

Hamilton's amended complaint, the operative pleading in the case, raised two claims. These are (1) Officer Cowen smoked in the hall on numerous occasions, including July 15, 2015, despite being told by Hamilton that the smoke was affecting his asthma, and (2) he sent a request to the nurse on September 21, 2015, asking to be seen for a toothache and a lump on the outside of his gums, but he never received a response.

The Defendants filed a motion for summary judgment asserting that Hamilton failed to exhaust his administrative remedies. The Defendants contended that the Anderson County Jail has inmate service requests as well as inmate grievance forms and that the jail has a three-step grievance procedure involving filing a grievance with the jail lieutenant, appealing an unfavorable response

1

to the captain, and a further appeal to the sheriff. Although Hamilton filed nine inmate service requests during his stay in the jail, the Defendants argue that he did not pursue the grievance process through all available steps. One of Hamilton's inmate service requests complained of a headache and asked for an asthma inhaler, but none mentioned Officer Cowen smoking in the hall or a toothache.

In his response to the motion for summary judgment, Hamilton asserted that he included a copy of his grievance with his initial disclosures, which he filed with the Court and requested the Clerk to send the Defendants a copy. Of the documents filed by Hamilton, one is an inmate grievance form complaining of a toothache and asking to see the nurse. The response from Lt. Pierson reads "will inform the nurse." Hamilton also included a handwritten witness statement form saying that Hamilton had complained to an inspector from the Texas Commission on Jail Standards about the air quality as well as a handwritten form entitled "documented video recordings that show Mr. Cowen smoking and also shows Mr. Green not providing plaintiff with medical treatment." While this document provides a list of dates and times, there are no copies of the video recordings attached, nor did Hamilton indicate that he had watched any such recordings or otherwise had personal knowledge of their contents.

The Defendants' reply maintains that Hamilton did not furnish any competent summary judgment evidence and that even if his documents were considered, none of them demonstrate that Hamilton exhausted his administrative remedies.

Hamilton filed a sur-reply asserting that he could not make the necessary copies of grievances but that he had sent the court a copy of his grievance, which he contended was sufficient to overcome the motion for summary judgment.

## II. The Report of the Magistrate Judge

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment on the issue of exhaustion be granted. The Magistrate Judge observed that prisoners are required to exhaust all

available administrative remedies before filing suit in federal court, including compliance with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). All of the steps in the facility's grievance procedure must be pursued in order to exhaust administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Conclusory allegations of exhaustion are not sufficient to overcome competent summary judgment evidence demonstrating lack of exhaustion. *Kidd v. Livingston*, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012WL614372 (5th Cir., February 28, 2012); *accord*, *Ryan v. Phillips*, 588 F.App'x 477, 2014 U.S. App. LEXIS 5087, 2014 WL 1346550 (5th Cir., March 18, 2014).

In the present case, the Magistrate Judge determined that while Hamilton filed a grievance on September 23, 2015 complaining of a toothache, there was no showing that he ever appealed this grievance to the captain or the Sheriff. Hamilton also offered no summary judgment evidence showing that he ever filed a grievance concerning Officer Cowen smoking in the hall. Because Hamilton did not pursue any of his complaints through all three steps of the jail's grievance procedure, the Magistrate Judge concluded that Hamilton failed to exhaust his administrative remedies.

**III. Hamilton's Objections**

In his objections, Hamilton asserts that according to the Anderson County Sheriff's grievance procedure, if a prisoner believes he has a legitimate grievance, he can ask the floor officer for a grievance form, which can be returned to a floor failure to forward to the lieutenant or be placed directly in the grievance box. Hamilton contends that this is the only step set out in the grievance procedure and that therefore, this procedure consists of only one step. Because he complied with this step, Hamilton maintains that he has exhausted his administrative remedies.

Hamilton also asserts that his grievance complaining of a toothache and headache stated that this condition could result in a dental abscess. He makes no mention of filing any grievances regarding Officer Cowen.

**IV. The Defendants' Reply to Hamilton's Objections**

In their reply, the Defendants assert that Hamilton's objections make no mention of his claim against Officer Cowen. The Defendants also maintain that Hamilton ignores the summary judgment evidence, which shows that the Anderson County Jail has a three-step grievance procedure.

In support of this assertion, the Defendants attach copies of pages from the Anderson County Jail grievance plan. This plan provides for appeal procedures in that appeals of decisions made by the grievance lieutenant or the grievance board are answered by the jail captain, and the captain's decision may be further appealed to the Sheriff, whose decision is final. The Defendants also include a page signed by Hamilton acknowledging that he has received a copy of the rules and regulations of the Anderson County Jail.

**V. Discussion**

Review of the summary judgment evidence, including the documentation provided by the Defendants, shows that the Anderson County Jail had a three-step grievance procedure, including filing a grievance to the jail lieutenant and then appealing to the captain and then to the sheriff for a final decision. Hamilton's assertion to the contrary is without merit. The summary judgment evidence shows that none of Hamilton's claims were pursued through all three steps of the grievance procedure, and Hamilton did not object to the Magistrate Judge's conclusion in this regard with respect to his claim against Officer Cowen.

The Fifth Circuit has held as follows:

> [D]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because the record in this case shows that Hamilton failed to exhaust his administrative remedies on any of his claims, the Magistrate Judge properly recommended that the Defendants' motion for summary judgment be granted. Hamilton's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 75) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **2** day of **August, 2017.**

_____
Ron Clark, United States District Judge